## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY

Hazel O. Fletcher

v.

Anthony Craig Tippens

May 7, 1990

Case No. (Law) 4836

By Judge William L. Person, Jr.

Rule 3:3 of the Rules of the Supreme Court of Virginia provides as follows:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the Court finds as fact that the plaintiff exercised due diligence to have timely service on him.

Defendant moves the Court to dismiss this suit since there was no service of process within one year of the commencement of the action. Plaintiff argues that the motion should be denied because the plaintiff exercised due diligence to have timely service on defendant.

The burden is on the plaintiff to show that he has, as fact, exercised due diligence to have timely service.

The chronology of events is as follows. The automobile accident occurred on August 29, 1984. Between October 22, 1985, and March 17, 1986, there was the usual correspondence between the insurance company and plaintiff. Plaintiff's attorney testified that shortly before August 26, 1986, the representative (Armstrong) of the insurance company and the attorney agreed orally that suit would be filed to toll the statute of limitations and defendant would not be served at that time. Armstrong denies the essence of this conversation and asserts that plaintiff's attorney was told to do "what was necessary to protect his client." Suit was filed on August 26, 1986. A letter

dated December 16, 1986, from the law firm representing the insurance company to Rideout recites that they had been retained to represent defendant "once you obtain service of your Motion for Judgment." No service was obtained on the suit, and defendant moved to dismiss the suit under Rule 3:3 after more than a year had passed. On March 1, 1988, plaintiff nonsuited this original suit and recommenced the action on the same day by filing another suit. Service on the defendant was attempted on March 10, 1988, but was unsuccessful. Return of service was marked not found "moved over two yrs. ago - address unk." From April 4, 1988, to October 19, 1988, there was the usual correspondence between the attorneys. On June 30, 1989, plaintiff apparently obtained service under § 8.01–329 of the Code of Virginia, 1950, as amended.

In spite of defendant's posture of moving the Court to dismiss the first suit under Rule 3:3 and being aware that service of process was not successful nine days after refiling the Motion for Judgment, plaintiff did not avail himself of alternative service of process until sixteen months had passed.

The Court is of the opinion that the plaintiff did not exercise due diligence to have timely service on defendant as required by Rule 3:3 so as to fall within the exception set out in the Rule. The Court hereby grants the motion of defendant to dismiss.